Curtis *agt.* Jones.

————————

CURTIS, plaintiff in error, *agt.* JONES, defendant in error.

### Questions discussed.

· The defendant, in an action of replevin, *avowed* the detention of the property, (sash doors,) under his right of lien for the manufacture thereof. The plaintiff pleaded to the avowry, that the work was done under, and in pursuance of an agreement theretofore made between the parties, whereby it was, among other things, agreed that the defendant should manufacture the doors for a certain price, specified in the agreement, a part thereof to be paid to the defendant as the work progressed, and the remaining part to be paid after the doors should be completed and hung. And an allegation, that at the time of the detention, the plaintiff had paid the defendant all that had then become due to him.

1. Whether the plea to the avowry was sufficient, in not setting forth with reasonable certainty the terms, and showing what the particulars of the agreement were under which the doors were made, including, as most essential, the price and time of payment?

2. Whether the plea contained in substance a bar to the lien set up by the defendant; and not having been demurred to upon the ground that the *price and time of payment* were not stated; the ground on which the supreme court decided the cause and reversed the judgment, was in that respect to be considered as upon a *general demurrer ?*

3. Whether, where the jury having passed upon the question of fact, and found the doors the property of the plaintiff, it did not involve all the matters in the demurrer, and contain all the merits, so that judgment should have been for the plaintiff upon the whole record?

Curtis brought replevin in the *detinet* in the court of common pleas of Monroe County against Jones for eleven double sash doors. Jones pleaded, 1st. Non detinet. 2d. Property in himself. 3d. Property in Horatio N. Curtis. 4th. The defendant avowed the detention of the goods, alleging that he

Curtis *agt.* Jones.

was a carpenter and joiner, and, as such, was employed by the plaintiff to manufacture, and did actually manufacture, the doors in the declaration mentioned, for the plaintiff, from materials furnished by the plaintiff, and at the time when, &c., the plaintiff was and still is largely indebted to him, the defendant, for the work and labor of the defendant, his servants and agents, bestowed in and about the manufacture of said doors for the plaintiff, and at his request, to wit ; in the sum of $200.   And that the defendant, by virtue of his lien upon said doors, as the manufacturer thereof at the time when, &c., did detain the same as security for the payment of said sum, so due to him ; concluding with a verification, prayer for judgment, and a return of the doors.

The plaintiff replied to the 1st, 2d, and 3d pleas, taking issue upon them.   To the avowry, the plaintiff pleaded that the defendant ought not to avow the detention of the doors, &c., because, he says, the doors were manufactured by Jones for him, the said Curtis, under, and in pursuance of an agreement theretofore made and entered into by and between them, whereby it was, among other things, agreed that Jones should and would manufacture the doors for Curtis, at, and for a certain price specified in the agreement, a part thereof to be paid to Jones, as the work progressed, and the remaining part thereof to be paid after the said doors should be completed and hung ; averring that at the time of the detention of the doors he had paid Jones all that had then become due to him on account of work done by him on the doors ; concluding with a verification and prayer for judgment, &c.

To this plea Jones demurred ; and assigned the following special causes :—

1. That it alleged facts inconsistent with the facts stated in the avowry ; that at the time when, &c., the plaintiff was, and still is, largely indebted to the defendant for work and labor bestowed in the manufacture of said doors, but does not traverse that part as he should have done.

2. That the plaintiff does not state in said plea what part of the price for the manufacture of said doors was to be paid as the work progressed, and what part was to be paid after the doors should be completed and hung.

Curtis *agt.* Jones.

3. That the plaintiff does not show at what time the doors were to be completed and hung, or that he had any right to take them out of the defendant's custody until the time had expired.

4. That the plaintiff does not show that the defendant unreasonably delayed the completing and hanging of said doors.

5. That the plaintiff does not show that the doors were completed, &c.

The plaintiff joined in demurrer. The common pleas gave judgment on the demurrer in favor of the plaintiff. At the same time the issues of fact were tried by a jury, and a verdict upon each was found for the plaintiff.

The jury assessed the damages of the plaintiff for detention at six cents, and the value of his property at $275. Upon which that court rendered a judgment that the plaintiff, Curtis, recover against the defendant, Jones, said damages, and also $60,51 for his costs.

The supreme court, BEARDSLEY, J., delivering the opinion, reversed the judgment of the common pleas, and adjudged that Jones should be restored to all things which he had lost by occasion thereof, on the ground that the plaintiff's plea to the avowry was general, vague and uncertain; that it should have shown what were the particulars of the agreement under which the doors were made—including, as most essential and indispensable, the *price* and *time of payment*.

*Reported* 3 *Denio*, 590.

The judgment record of reversal, as entered up in the supreme court, recited as follows: "And it is further considered, the said defendant now here waiving a return of the goods and chattels above-mentioned, that the said Justus B. Jones recover against the said Abijah B. Curtis $275, the value of the said goods and chattels by the jurors aforesaid found, and likewise, $125,27 for his costs and charges, &c."

*H. Humphrey Attorney, and*
*M. T. Reynolds, Counsel* for plaintiff in error.

*First.* The plea to the avowry contains in substance a perfect bar to the lien set up by the defendant; and not having

been demurred to upon the ground that the price and time of payment were not stated, the ground on which the supreme court decided the cause, is in that respect to be considered as upon a general demurrer, and so is good.

That such plea may be pleaded to an avowry. (*Jones on Bailment, Phil. ed.* 1836, *Appendix* 49–52; 4 *M. and S.* 180, *Chase* v. *Westmore*; 18 *John.* 157, *Chandler* v. *Belden*; *Cross Law of Lien*, 42–327.)

That the plea is good. (*Com. Dig. Pleader E.* 5; *C.* 22; 13 *East*, 102, *Andrews* v. *Whitehead*; 2 *B. and P.* 265, *Ward* v. *Harris*; *Cro. Eliz.* 916, *Braban* v. *Bacon*; *Sheen* v. *Farrington, B. and P.* 1, 640; *Barton* v. *Webb*, 8 *J. R.* 459; *Clarke* v. *Gray*, 6 *East*, 567.)

1. The rule in a plea is less strict than in declaration, requiring less certainty. (1 *Saund. Rep.* 49, *n.* 1; *Com. Dig. C.* 17 *Pleader.*)

2. The statement of the contract being mere inducement, still less certainty was necessary. (*Archbold's Pleadings*, 237; *Co. Lit.* 303, *a*; *Plowd.* 431, *a*; *Com. Dig. Pleader, E.* 10.)

3. It was not necessary to state the price of the doors, as no damages dependent upon that price were claimed. (13 *East*, 102.)

4. The plea is analagous to a declaration against a common carrier, where the averment always is, that the goods were to be carried for a certain reasonable reward. (*See Precedent*, 2 *Chit. Plead.*; 6 *East*, 567; 13 *East*, 114.)

5. The court could not have determined whether the defendant had a lien upon the doors from the particulars of the contract, any better than they can now do; as that depends upon the fact, whether what was due upon the doors has been paid, and not upon how much has been paid.

6. The objection to the plea is, that it does not state what part of the price was to be paid. Now what part means, what proportion, taking the whole as a unity; so that the complaint is that we have not stated, whether one-half, one-third, or one-quarter, &c., was to be paid—not that we do not state the price: as to this the demurrer is general.

7. The time of payment is stated to be as the work pro-

Curtis *agt.* Jones.

gresses; and after the doors were hung; that is, immediately after.

8. To an avowry for rent in arrear, the plea of *riens in arriere* is good. This plea is substantially like it; although that form could not have been safely adopted, as money is, in common parlance, said to be due, though payable at a future day.

9. The indebtedness was not an issuable fact, being a mere inference of law from the defendant's manufacturing the doors at the plaintiff's request. The avowry was in the form of the common counts in assumpsit, to which " *nil debet* " cannot be pleaded.

10. To state what part of the price, was useless and unnecessary, as shown above.

11. These matters are not set up as a ground of detention. The whole duty of a pleading is to answer the previous pleading, which this does.

12. But the avowry is bad in substance. An avowry is applicable and permitted only in case of a distress; in other cases, the party should plead, and not avow. · The very definition of the word shows this. (*Jacob's Law Dict.*, *avowry* ; *Ley.* 70 ; 2 *Lill.* 454 ; 3 *R. S. p.* 529, §§ 41, 42, 1*st ed.*)

No precedent for such an avowry can be found.

13. Replevin in the detinet is substituted for the old action of detinue. (1 *Chitty's Plead.* 117, 157–8 ; 2 *R. S. p.* 522, *Replevin.*)

In detinue the party could not avow, but must plead. (1 *Chit.* 484 ; 2 *Chit. precedents*, 1023, 1025.)

14. The distinction between an avowry and plea is important, because a party may plead to an avowry as many matters as he may see fit. (2 *R. S.* 529, § 45, 1 *ed.*)

15. The answer to an avowry is by plea—to a plea by replication, and many of the rules applicable to a plea, differ from those applicable to a replication.

16. If a party may avow here, why not in trespass? In trespass, a public officer may by statute. (1 *Ed. R. S.* 353, *sec.* 16.)

17. It is an avowry at common law; the statute allowing a

general avowry does not apply to it.    (2 *R. S.* 353, § 16 ; 2 *R. S.* 529, § 45.)

It is, therefore, to be considered by the rules of the common law, where title must be deduced with great particularity. (*Shepard* v. *Boyce*, 2 *J. R.* 446 ; 3 *B. and P.* 348 ; 6 *East*, 434 ; 5 *T. R.* 248 ; 5 *Wend. Rep.* 663 ; 1 *Saund. Rep.* 347, *n. s. ; Yelverton*, 148 ; 2 *Saund.* 312, *a ; 4 Taunt. Rep.* 319, *a, Brown* v. *Sayer ;* 1 *Chit. Plead.* 491.)

18. It was necessary to set out the special contract, which is not done, as the averment that he was employed is not equivalent.    (1 *Chit. Plead.* 337 ; 1 *Saund. Rep.* 264, *n.* 1 ; 2 *East, Rep.* 506 ; 2 *Stra.* 933.)

19. The judgment ought to have been for the plaintiff upon the whole record.    All the matters involved in the demurrer are found for the plaintiff upon the issues of fact.

Property is found to be in the plaintiff and not in the defendant.    This issue involves the question of lien attempted to be raised by the avowry.    (12 *Wend. Rep.* 36, *Rogers* v. *Arnold ;* 1 *Caines' Rep.* 218, *Halleck* v. *Howell.*)

20. The demurrer decides nothing as to the merits.    All that the court pass upon is, that the contract ought to be more explicitly stated, while the issue of fact contains all the merits.

☞ *M. T. Reynolds*, in reply—2 *R. S.* 529, shows when avowry may be made, §§ 41, 42, 56, *sub.* 3, prayer of defendant, § 57—verdict for damage, where distress damage feasant.

Should limit statute in same way where a lien—extent of lien, §§ 40, 53, 54.

The defendant says plaintiff was " *largely indebted*," namely, $200.

Plaintiff " says he paid all that was due."

That is a good answer to " *largely indebted*."    The " *to wit*, $200," amounts to nothing.    If that is the amount of what is due, then the plea of payment " of all *that was due*," is a sufficient denial.

2d. The statute shows that an avowry should be confined to rent, and it makes an equitable provision.    (2 *R. S.* 619, § 56, *sub.* 3 ; *Vide also* § 51.)    I insist, therefore, that the court

Curtis *agt.* Jones.

ought to confine an avowry to the case of rent, and the cases specified in the statute. (2 *R. S.* 353, § 16 ; 2 *R. S.* 529, §§ 41, 42, 38–40.) Silver cup case. This was a justification by an officer, and he is permitted to *avow* by statute.

3d. The record shows that defendant was not owner in any sense. The same evidence that would sustain the avowry would sustain the plea and defeat claim of title to the doors. The special property was enough to find this part in favor of defendant.

Where the same fact comes in issue, and is found by a jury on a proper issue, and admitted *presumptively* by an *imperfect answer*, how shall the court give judgment? The truth is found to be, that the defendant had *no lien*, and the admission grows out of a defective allegation on our part of the same fact. On this record how can the court give judgment against us ?

We have a right to a return by § 55 of the statute. The exception is confined to *distress*.

This proves that the legislature never contemplated any avowry except in cases of distress and seizure by sheriff; in the latter case the money in the hands of the sheriff or officer is in custody of the law.

*H. R. Selden, Attorney and Counsel* for defendant in error.

*First.* The plea of the plaintiff to the defendant's avowry is bad, because it does not set forth with reasonable certainty the terms of the agreement which it sets up. (*Com. Dig. Pleader,* E. 5, C. 22; 13 *East,* 102, *Andrews* v. *Whitehead ;* 2 *Boss. & Pul.* 265, *Ward* v. *Harris.*)

" In general, whatever is alleged in pleading must be alleged with certainty." (*Stephen's on Pleading,* 334.)

And " the party who pleads a contract, *must set it out,* if he be a party to the contract." (*Stephen's on Pleading,* 339.)

*Second.* The plea does not show that the defendant had not the lien set up in his avowry.

It does not appear that defendant was to part with the possession of the doors when they were hung. They may have book-case, or other similar article to be hung in defendant's shop.

---

Curtis *agt.* Jones.

---

The contrary would, perhaps, be inferred, *but the plaintiff has not shown it,* and therefore has not *answered* the avowry.

The lien of the artizan is just and equitable, and is favored in law—and it is not destroyed by a special agreement, unless the terms of the agreement are inconsistent with the lien.   (2 *Kent's Com.* 634, 635.)

*Third.* The jury only passed upon the *issues of fact* submitted to them, and the defendant having interposed another complete defence to the suit, which has not been answered by the plaintiff, is entitled to judgment upon the whole record.

H. R. SELDEN, *Attorney for defendant in error.*

Cases cited on the other side against them—*Com. Dig.* —Plea does not show that defendant in error was to part with possession—12 *W.* 35, and authorities there cited, to show, *should have traversed indebtedness*—may have an avowry in such a case— *Jac. L. Dic.* cited on the other side proves it.   (3 *Lev.* 204.)

The precedents are avowry for *distress only*—but at an early day held replevin only, lay for distress—and that was the reason precedents of avowry are only for a distress—*Bull. N. P.* 55.—Avowry, where the *general right of property is in the plaintiff,* but defendant has *some lien or right to take it* notwithstanding plaintiff's general property—as for rent, lien, &c.

Here we show a lien and a right to hold plaintiff's property. —But at all events, it is *mere question of form.*—Substance is here—good justification.—They should have demurred specially.

*Gilb. Replevin,* 143.—Avowry when should make cog. mere form.

Not bound to the precise sum.   (2 *R. S.* 353, § 16.)

(2 *R. S.* 531, § 55)—rent excepted—then to have rent in arrear—not before.—But that is not this case.

JEWETT, Ch. J.   By the avowry, the defendant justified the detention of the doors in question, on the ground that he had an existing right of lien upon them for the price or value of his work and labor bestowed as a carpenter and joiner in their manufacture at the plaintiff's request.

The rule is well established, that every bailee for hire, who, by his labor and skill, has imparted an additional value to the

Curtis *agt.* Jones.

goods, has a lien upon the property for his reasonable charges, whether there be an agreement to pay a stipulated price, or only an implied contract to pay a reasonable price, unless there be a future time or mode of payment fixed; in such case the special agreement would be inconsistent with the right of lien, and would destroy it, (*Grinnell* v. *Cook*, 3 *Hill*, 485; *Blake* v. *Nicholson*, 3 *Maule and Selwyn*, 168; *Chace* v. *Westmore*, 5 *id.* 180; *Cramsbay* v. *Hornpay*, 4 *Barn. and Ald.* 50; *Burdick* v. *Murray*, 3 *Vermont R.* 302; 2 *Kent's Com.* 5 ed. 634.)

To avoid the bar interposed by the avowry, the plaintiff, by his plea, attempted to show that the defendant, at the time of the detention, had no lien upon the doors, on the ground that they had been manufactured under a special agreement calling for their completion and delivery prior to the time limited for the payment of a certain part of the price for manufacturing them, and that the remaining part of such price had been paid at the time of such detention. The avowry goes upon the ground, that the doors were manufactured upon an implied contract to pay a reasonable price for the work and labor expended. The plea, upon the ground that they were made under a special agreement, specifying the time when the doors were to be made and delivered, the price for making, and the times when the same was to be paid, and that some part thereof was not payable until a day subsequent to the completion and delivery of the doors, and that only that part of such price remained unpaid at the time of the detention.

This plea is objected to as insufficient, on the ground, among others, that it does not set out the terms of the contract, in words or according to its legal effect under which it is claimed the doors were manufactured.

It is a general principle, that whatever is alleged in pleading, must be alleged with reasonable certainty; and that he who pleads a contract must set it out, if he be a party to it. The particulars of the agreement should have been stated, so that the court could determine whether the right of lien existed at the time of the detention, and in order to apprize the defendant of what was meant to be proved in order to give him an opportunity to answer or traverse it. (1 *Chit. Pl.* 216.) I

10

Curtis *agt.* Jones.

agree with the court below, that this plea is too general, vague, and uncertain—and is therefore bad.

The judgment of the common pleas was properly reversed, on the ground that the plea to the avowry was bad; and judgment was correctly given for the defendant upon the whole record, notwithstanding the jury had found the· issues upon the first, second, and third pleas of the defendant in favor of the plaintiff. The rule is well settled, that where there is one good count in a declaration, if sustained by evidence, it entitles the plaintiff to recover upon the whole record, though there may be several others which are bad or found against him, if the judgment is confined to such good count. So if one of several pleas of a defendant which goes to the whole cause of action is sustained, it constitutes a bar to the recovery of the plaintiff. (*Jack* v. *Martin*, 12 *Wend.* 311; *S. C. in error*, 14 *Wend.* 507; *Cook* v. *Sayre*, 2 *Burr. Rep.* 755; *Luw* v. *King*, 1 *Saund Rep.* 76, *N.* 1, *p.* 80.)

The case of Cook *v.* Sayre was an action for trespass and assault for criminal conversation with the plaintiff's wife; the defendant pleaded 1, not guilty, and 2, not guilty within six years, and there was an issue on the first plea and a demurrer to the other. The issue on the plea of not guilty was tried first, and found for the plaintiff, with fifty pounds damages. Afterward, the demurrer was argued and overruled, and determined for the defendant; although the issue on the plea of not guilty, was found for the plaintiff. It was held, he could not have damages upon it, because, *upon the whole*, judgment must be against him.

Now in the case at bar, although the issue upon the demurrer was disposed of by the court in favor of the plaintiff, before the issues of fact were tried, yet, the supreme court having determined the demurrer in favor of the defendant, it appeared that the plaintiff *upon the whole* had no cause of action, and judgment was given against him, upon the whole record. That entitled the defendant to a return of the property, or if he elected so to have it, the value instead of a return, and to costs, except the costs arising from the trial of the issues of fact, to which neither party is entitled. (2 *R. S.* 617, § 27.)

Curtis *agt.* Jones.

But the judgment of the supreme court, as perfected, as appears by the record, is in part erroneous. The defendant was not entitled to recover the value of the property assessed by the jury on the trial of the issues. That was assessed under the provisions of 2 *R. S.* 530, § 48. So much of the judgment, therefore, as adjudges that the defendant recover against the plaintiff $275, the value of the said goods and chattels by the jurors aforesaid found, must be reversed, and the residue of said judgment must be affirmed ; and a further judgment must be rendered that the defendant have a return of the goods and chattels replevied, unless he shall elect to waive such return, and that he recover the damages sustained by him, by reason of the detention of such goods and chattels; and in case said defendant shall elect to take judgment for the value of the said goods and chattels instead of a return thereof, such value be assessed by a writ of inquiry to be issued out of the supreme court. (2 *R. S.* 531, §§ 53, 54, 55.)

The judgment of the supreme court being reversed in part and affirmed in part, this court has a discretion in awarding costs. (2 *R. S.* 618, § 31.) And I think, to deny costs to either party as against the other in this case, would be a proper exercise of such discretion.

BRONSON, J. The plea in bar to the avowry is bad, for the reasons assigned by the supreme court. It is also bad on another ground. The avowry alleges; that at the time when, &c., the plaintiff was largely indebted to the defendant for his work and labor upon the doors. The plaintiff pleads matters which are inconsistent with this material allegation, without traversing it ; which is not good pleading. (*Prosser* v. *Woodward*, 21 *Wend.* 205 ; *Rogers* v. *Arnold*, 12 *id.* 35.) In the way plaintiff has pleaded, the parties might never arrive at an issue containing a direct affirmative and negative allegation.

As the plea in bar to the avowry was bad, and the avowry contained a good answer to the action, it was a matter of no consequence what became of the other issues. When one good bar is found or adjudged in favor of the defendant, he is entitled to judgment on the whole record, although other issues may be found or adjudged against him. (*Jack* v. *Martin*, 12

Curtis *agt.* Jones.

*Wend.* 311 ; *S. C. in error*, 14 *Wend.* 507 ; *Cooke* v. *Sayer*, 2 *Burr.* 753 ; 1 *Saund.* 80, *note* 1.)

When the supreme court reversed the judgment of the common pleas, it proceeded, according to the established practice in such cases, to give such judgment as the inferior court should have given ; and rendered judgment for the defendant on the demurrer. But the attention of the supreme court was not called to the question how the judgment should be entered of record ; nor to the consequences which would result from it. The attorney, in making up the record, has entered the judgment of reversal ; but has taken no notice of the judgment which was rendered on the demurrer. And after the reversal, the attorney has proceeded to state in the record that the defendant waived a return of the goods ; and has then entered a judgment that the plaintiff recover the value of the goods, as the value had been assessed by the jury which tried the issues of fact.

There are two errors in the record as it has been made up. First, there is no judgment whatever upon the demurrer. When a court of review reverses a judgment, it gives such judgment as the court below should have rendered.

The second error consists in entering a judgment for the value of the property as it had been assessed by the jury which tried the issues of fact. As the action was in the common pleas, and the plaintiff recovered in that court, the only object of the inquiry concerning the value of the property was, to settle the plaintiff's right to costs. If the value of the property was less than fifty dollars, neither party would recover costs. (*Stat.* 1840, *p.* 333, § 19.) As the plaintiff recovered in the common pleas, no question could have arisen there about waiving a return, and taking judgment for the value of the property ; and the assessment of value by the jury could not have been made with a view to a recovery of the amount by the defendant. (2 *R. S.* 531, §§ 53–55.) When the supreme court rendered judgment on the demurrer, which, as the pleadings stood, entitled the defendant to a return of the property, he might have elected to waive the return, and take judgment for

the value, to be assessed by a writ of inquiry, (§ 55.)   But that is not the course which he pursued.

So much of the judgment of the supreme court as reverses the judgment of the common pleas, and gives costs to the defendant, should be affirmed; and the residue of the judgment of the supreme court should be reversed.   Judgment should then be rendered for the defendant on the demurrer; and that he have a return of the property; or if he elects to waive a return, he will be entitled to a judgment for the value of the property, to be assessed on a writ of inquiry, which will issue out of the supreme court when the proceedings are remitted.

As the judgment of the supreme court is affirmed in part and reversed in part, costs are in the discretion of the court, (2 R. S. 618, § 31,) and no costs should be allowed to either party. Judgment accordingly.

*Decision.*   " It is ordered and adjudged that so much of the judgment of the supreme court as reverses the judgment of the court of common pleas, and so much of the said judgment as awards costs to the said Justus B. Jones, be, and the same is, hereby *affirmed,* and that all the residue of the said judgment be, and the same is, hereby *reversed.*   It is further ordered and adjudged, that the plea in bar of the said Abijah B. Curtis to the avowry of the said Justus B. Jones is not sufficient in law to bar or preclude the said Justus B. Jones from avowing the detention of the said goods and chattels, or from having a return thereof.   It is further ordered and adjudged, that the said Justus B. Jones have a return of the said goods and chattels, or, if he shall elect to waive a return of the said goods and chattels, and take judgment for the value thereof, then, that he have judgment to recover the value of the said goods and chattels; and that such value be assessed by a writ of inquiry, which writ will issue out of the supreme court when the proceedings are remitted." Neither party to recover costs against the other in this court.

NOTE.   JEWETT, Ch. J., arrives at the following results: That every bailee for hire, who by his labor and skill has imparted an additional value to the goods, has a lien upon the property for his reasonable charges, whether there be an agreement to pay a stipulated price, or only an implied contract to pay a reasonable price, unless there be a future time or mode of payment fixed.

Whatever is alleged in pleading, must be alleged with reasonable certainty and that he who pleads a contract must *set it out, if he be a party to it.* *Held,* that the plaintiff's plea to the avowry was bad, because the particulars of the agreement set up in it should have been stated, so that the court could determine whether the right of lien existed at the time of the detention, and also in order to apprize the defendant of what was meant to be proved, so that he might answer or traverse it.

If one of several pleas of a defendant, which goes to the whole cause of action, is sustained, it constitutes a bar to the recovery of the plaintiff, notwithstanding some other issues may have been found in favor of the plaintiff.

BRONSON, J. *Held,* that the avowry alleging that at the time when, &c., the plaintiff was largely indebted to the defendant for his work and labor upon the doors; and the plaintiff pleading matters inconsistent with this material allegation, without traversing it, was bad pleading.

The plea was also bad, for the reasons assigned by the supreme court.

Where one good bar is found or adjudged in favor of the defendant, it is a matter of no consequence what becomes of the other issues, he is entitled to judgment on the whole record.