State v. Dominique.

———————

THE STATE, Respondent, v. DOMINIQUE, Appellant.

1. A declaration made by a child two days before its death to a person who inquired of him the cause of the swollen appearance of his face, that "papa did it," *held* to be inadmissible in evidence against the father on his trial for the murder of the child, the declaration not being a part of the *res gestæ*, nor being made *in articulo mortis*.

*Appeal from St. Charles ₁ Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Krekel,* for appellant.

I. The court improperly admitted the declaration of the child. It was no part of the *res gestæ.* (1 Tenn. 280.)

*Edwards,* (circuit attorney,) for the State.

I. The declaration of the deceased was admissible as a part of the *res gestæ.* No consciousness of approaching death was necessary. (3 Cush. 181; 1 Swan, Tenn., 279; Whart. Am. C. L. 312.)

NAPTON, Judge, delivered the opinion of the court.

This judgment will be reversed on account of the admission of illegal evidence.

The indictment is one against a father for the unnatural crime of murdering his child, a boy about eight years old. There was evidence that the defendant displayed great fondness for the child, frequently bringing him presents of candy and toys, and making him say his prayers every night on retiring to bed; but there was also proof that he was in the habit of frequently whipping him, sometimes in a brutal manner and with a horsewhip. The defendant was addicted to intoxication.

In answer to a question propounded by the State to a witness, who spoke of observing the boy in the field two days before his death with a swollen face, as to the cause of this, the answer was, " I asked the child, and he said ' papa did it.' " The question and answer were objected to, but the evidence was admitted.

The declaration of the child as to the author of the injuries he had received is not evidence against the defendant. It was no part of the *res gestæ.* It did not occur at the time the injury was inflicted. Nor was it any explanation of the nature of the injury. It was a simple declaration that his father had occasioned it. If it had been made *in articulo*

*mortis*, or when the solemnities of expected death would render superfluous the sanctions of an oath, it might have been admitted on that ground. But the declaration was made by the child two days before his death, when there did not appear to be any apprehension, either on the part of the child or the witness, who saw him, of any serious results from the injuries. It was, therefore, hearsay, and inadmissible.

. The judgment is reversed and the cause remanded for a new trial. The other judges concur.