ARIANS, Respondent, vs. BRICKLEY and another, Appellants.

*December 7 — December 23, 1885.*

*Liens: Sawing logs into lumber: Equity.*

1. One who saws the logs of another into lumber and shingles has a common-law lien thereon for the value of such work.
2. Such lien has not been abrogated by our statutes, and may be enforced in equity.

Arians vs. Brickley and another.

APPEAL from the Circuit Court for *Portage* County.

The facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *G. W. Cate*, and for the respondent on that of *Raymond & Haseltine*.

To the point that where a lien exists equity will enforce it, counsel for the respondent cited *Montandon v. Deas*, 14 Ala. 33; *Gillispie v. Bradford*, 7 Yerg. 168; *Black v. Brennan*, 5 Dana, 311; *Gambling v. Read*, 1 Meigs, 281; 2 Story's Eq. Jur. 461, 462; *Ford v. Sproule*, 2 A. K. Marsh. 535; *Coleman v. Shelton*, 2 McCord, Ch. 126.

ORTON, J. The respondent, as plaintiff in the case, alleged in his complaint, substantially, that he was the owner of mills for sawing lumber and shingles out of logs, and engaged in using said mills for such purpose; that he was employed by the defendants to saw lumber and shingles out of their logs, delivered to him for that purpose, for what it was reasonably worth; that he sawed for the defendants many thousand feet of lumber and many thousand shingles out of such logs, and demanded of them what it was reasonably worth, which they refused to pay, and that he therefore retained the possession of the same until he should be paid, and the defendants sought to take the same away by force, and that they are personally irresponsible and insolvent. The prayer is for an injunction against such removal, and for the enforcement of a common-law lien on the same for the amount to which the plaintiff is entitled.

The defendants substantially admitted in their answer such employment as stated in the complaint, but alleged that it was for an agreed compensation, and set up a failure to perform, and damages for bad piling and manufacture, etc., and denied the common-law lien. On the trial the defendants objected to any evidence under the complaint on the ground that it stated no cause of action, which objection

was overruled. The plaintiff then proved the sawing in said mills of lumber out of the defendants' logs so furnished by them, which sawing or manufacture was worth $1,191.21, without interest since that time, but with interest, $1,285.36. The defendants offered no evidence, but moved to dismiss the action on the ground that the plaintiff had no right to resort to a court of equity to foreclose a lien for labor on logs and lumber, and that he has an adequate remedy at law, which motion was overruled, and the circuit court rendered judgment against the defendants for the amount last stated, and for a lien on said lumber remaining in the possession of the said plaintiff. This appeal is from said judgment.

The only material question presented and argued in the brief of the learned counsel of the appellants is whether the plaintiff was entitled to such common-law lien on the lumber so manufactured by him out of the logs of and furnished by the defendants. The question is divided in the argument: (1) Whether the plaintiff had a common-law lien, or whether a common-law lien could be made to embrace such manufacture; and (2) whether, if such a lien could ever have been enforced in this state, the statute has not abrogated it.

1. The principle upon which a common-law lien was anciently allowed, and its allowance extended by modern decisions, would seem to embrace such a case. That principle is that persons who have bestowed labor upon an article, or done some other act in reference to it by which its value has been enhanced, have the right to detain the same until they are reimbursed for their expenditure and labor (*Oakes v. Moore*, 24 Me. 214); or that every bailee for hire who, by his labor and skill, has imparted an additional value to the goods, has a lien upon the property for his reasonable charges (*Grinnell v. Cook*, 3 Hill, 491). "This right rests on principles of natural equity and commercial necessity, and it prevents circuity of action, and gives security and confi-

dence to agents." 2 Kent's Comm. 634. The extension of the principle to a *tailor* who makes clothing out of cloth furnished (*Cowper v. Andrews*, Hob. 42), and to a *dyer* who imparts colors to plain fabrics (*Green v. Farmer*, 4 Burr. 2221), has led to its recognition in all cases of a bailee for hire who takes property in the way of his trade and occupation and by his labor and skill imparts additional value to it. *Bevan v. Waters*, Moody & M. 235; *Scarfe v. Morgan*, 4 Mees. & W. 283; *Trust v. Pirsson*, 1 Hilt. 292. A lien was allowed to a *wagon-maker* who made a wagon out of materials furnished by another (*Gregory v. Stryker*, 2 Denio, 631); and to a *carpenter*, upon doors made out of lumber furnished by another (*Curtis v. Jones*, 1 How. App. Cas. 145, and *McIntyre v. Carver*, 2 Watts & S. 392); and to a *thresher*, on grain he threshes for another (*Nevan v. Roup*, 8 Iowa, 207); to a *raftsman*, on the lumber he rafts for another (*Farrington v. Meek*, 30 Mo. 585); and to a *harness-maker*, who oils the harness of another (*Wilson v. Martin*, 40 N. H. 88). *Morgan v. Congdon*, 4 N. Y. 552, is a case in point of a common-law lien on the lumber sawed, for the sawing. It is claimed by the learned counsel of the appellants that *Oakes v. Moore*, *supra*, is in point against such a lien; but, in that case, the retention of possession necessary to a common-law lien was not shown, but, on the other hand, the possession had been voluntarily surrendered; and, besides, in that case the lien claimed was upon logs for cutting them from the land of another and booming them, and not for converting the same into lumber. We think it is clear, both in principle and from authority, that the plaintiff had a common-law lien on the lumber, so long as it remained in his possession, for what it was reasonably worth to convert the logs of the defendant into it by his labor.

2. Has our statute provided an exclusive remedy in such a case, or abrogated the common-law lien and its enforcement in equity? Sec. 3341, R. S., provides for a lien to "any

person performing manual labor upon any lumber." But this does not mean making lumber out of logs by sawing. If it does apply, then it extends the common-law remedy to a person who has voluntarily parted with the possession of the property. It is clear, however, that the subsequent section (3347) in the same chapter does apply to all cases of common-law lien of this kind. That section provides that every person having a lien given by either of the four last sections, "or existing in favor of any bailee for hire . . . . by the common law," may, if the debt remain unpaid for three months, and the value of the property affected thereby does not exceed one hundred dollars, sell the property at public auction, etc., and notice of such sale shall be given. Then it provides that "if such property exceed the value of one hundred dollars, then such lien may be enforced against the same by action in any court having jurisdiction." This last clause applies to this case, as the value of the property exceeds $100, and affords an express warrant for the common-law remedy. The first section of ch. 319, Laws of 1882, extends the lien of sec. 3329, R. S., to "labor and services in sawing or manufacturing into lumber any logs." But the above section (3347, R. S.) is not expressly repealed by said chapter, while other sections are expressly repealed. But, besides this, the provisions of this chapter clearly contemplate cases in which the possession has not been retained. It provides for filing a claim for a lien within thirty days from the last day of labor, and for an attachment of the property, as in personal actions, which clearly implies that the possession has been surrendered, and that subsequent purchasers should have at least constructive notice of such lien. Such proceedings would be unnecessary if the lumber manufactured remained in the possession of the lienholder all the time. But if such a lien as is sought to be enforced in this case might have been enforced under that chapter, it could not be the exclusive remedy by mere

construction or implication, unless such remedy is made to apply strictly to a lien at common law, where the possession of the lienholder is an essential prerequisite. This chapter, in order to repeal the common-law remedy by implication, must provide specifically for a new remedy in such a case. But, again, this chapter provides for a lien in many cases unknown to the common law; so there can be no inference that it was intended to repeal the common-law remedy. There was no common-law lien on logs for the labor of cutting them. *Oakes v. Moore*, 24 Me. 214. The rules of the common law are not to be changed by doubtful implication. *Meek v. Pierce*, 19 Wis. 300. We are satisfied that the common-law lien and remedy, in such a case, are not abrogated by the statute. The court having jurisdiction, as provided in the last clause of sec. 3347, may well be the court of chancery, for the remedy in such cases was always in that court. 4 Kent's Comm. 643; *Black v. Brennan*, 5 Dana, 311; and other cases cited in the brief of the learned counsel for the respondent.

The other exceptions appearing on the record were clearly not well taken.

*By the Court.*— The judgment of the circuit court is affirmed.