**In re Dwight D. SHEPHERD, Gail J. Shepherd, h/w, Debtors.**

**Bankruptcy No. 80–03233G.**

United States Bankruptcy Court, E. D. Pennsylvania.

Jan. 26, 1982.

Virginia A. Lowe, Legal Aid of Chester County, Inc., West Chester, Pa., for debtors, Dwight D. Shepherd and Gail J. Shepherd.

Stephen J. Mascherino, Glenvar E. Harman Associates, Downingtown, Pa., for Lawrence S. Williams, landlord.

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge:

The instant case is before the court on an objection of a creditor to the trustee's report of the debtor's exemptions. We conclude that that objection should be sustained because we find that the debtors had no interest in the property in question (a security deposit created with respect to a lease) at the time the debtors filed their petition for relief and that the setoff by the creditor/landlord of the debt owed to him against the security deposit was not voidable pursuant to § 553(a)(3) of the Bankruptcy Code ("the Code").

The facts of the instant case are as follows: [1] On May 6, 1980, Dwight D. and Gail J. Shepherd ("the debtors") entered into a written lease of certain premises with the owner, Lawrence S. Williams ("the landlord"). In connection with that lease, the debtors gave $625 (the equivalent of one month's rent) to Roach Brothers to be held in escrow as a security deposit. Beginning in July, 1980, the debtors failed to pay the monthly rent due under the above lease. Thereafter, the landlord served the debtors with a notice to quit and the debtors did vacate the premises in early September.[2] The debtors left their attorney's address as a forwarding address with Roach Brothers and, on September 22, 1980, the landlord notified the debtors' attorney, through his own attorney, of his claim of damages caused to the premises of $378 plus his claim for back rent of $1,250.00. On October 7, 1980, the landlord requested that Roach Brothers release the $675 security deposit held by it based on his claims for damages and back rent.

On December 5, 1980, the debtors filed a voluntary petition for relief under chapter 7 of the Code. In the schedules submitted by them in connection with that case, the debtors claimed as exempt under § 522(d)(5) the security deposit of $625 held by Roach Brothers.[3] The interim trustee filed his report in which he stated, *inter alia*, that it was his conclusion that the exemptions claimed by the debtors are authorized by and do not exceed the provisions of § 522 of the Code. The landlord subsequently filed a written objection to the trustee's report of the debtors' exemption pursuant to Rule

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. There is a factual dispute as to the exact date on which the debtors vacated the property, however, it is unimportant to the resolution of the issue before us.

3. Section 522(d)(5) of the Code permits a debtor to exempt up to $400, plus any unused portion of § 522(d)(1), in any property. In a joint case, each debtor may separately claim his exemptions. 11 U.S.C. § 522(m).

403 of the Rules of Bankruptcy Procedure,[4] asserting that the landlord, not the debtors, is entitled to the $625 security deposit claimed as exempt by the debtors.

■ We conclude that the landlord is correct in his assertion. Under the terms of the Addendum to the parties' lease, the landlord was entitled to apply the security deposit "to satisfy valid claims against [the debtors] arising from defaults under this lease or by reason of damages to the demised premises." The debtor-husband admitted, in his testimony, that the debtors failed to pay any rent for the months of July and August. This is clearly a default under the lease, entitling the landlord to a claim of $1,250.00 against the security deposit. In addition, although the debtor-husband disputed the amount of damages caused to the premises by the debtors, we conclude that the landlord was entitled to the damages asserted by him from the security deposit.

Furthermore, we conclude that the landlord complied with the provisions of the Pennsylvania Landlord and Tenant Act. *See* Pa.Stat. Ann. tit. 68, §§ 250.101 *et seq.* (Purdon). In particular, the landlord complied with § 250.512(a) of that law by providing the debtors with a written list of damages to the property and of the landlord's claim for back rent within thirty days of the time the debtors surrendered the premises. In addition, § 250.512(a) states that "Nothing in this section shall preclude the landlord from refusing to return the escrow fund, including any unpaid interest thereon, for nonpayment of rent or for the breach of any other condition in the lease by the tenant." Therefore, we conclude that the landlord was entitled, under the terms of this lease and under Pennsylvania Law, to the security deposit on account of the damages and unpaid rent.[5]

The debtors raised several defenses to the right of the landlord to the security deposit. First, although the debtors admitted that they failed to make two monthly rental payments, they assert that those payments were not due and owing to the landlord because of the repairs to the premises which the debtors were required to make. We conclude that the debtors failed to present sufficient evidence in support of that defense. Although the debtor-husband testified that the debtors were required to clean the premises when they moved in and that they purchased some 300 gallons of oil most of which was left when they surrendered the premises, the landlord disputed those facts. Furthermore, no receipts were presented in support of the debtors' contentions and no evidence whatsoever was offered as to the value of any of the work done or of the oil allegedly purchased by the debtors. Therefore, we find that there was insufficient evidence to support the debtors' first defense.

■ The debtors' second defense was that the landlord's action in asserting his claims against the security deposit was a setoff which is avoidable pursuant to § 553(a)(3) of the Code. That section provides:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

. . . . .

4. Rule 403(c) provides:

(c) Objections to Report. Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court within such 15-day period. Copies of the objections so filed shall be delivered or mailed to the trustee and, if the objections are by a creditor, to the bankrupt and his attorney. After hearing upon notice the court shall determine the issues presented by the objections. The burden of proof shall be on the objector.

5. *Cf. AL-Bassam v. Kramer*, 119 P.L.J. 50 (1970) (in which the court held that the landlord was not entitled to apply the security deposit to his claim for back rent because the lease specifically provided that the security deposit could not be applied to any rent payment).

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition:

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor.

Section 553(c) provides that there is a presumption that the debtor is insolvent for the 90 days preceding the filing of the petition, and, since no evidence to the contrary was presented in this case, we conclude that the debtors were insolvent at the time in question, thus satisfying § 553(a)(3)(B). Furthermore, we conclude that § 553(a)(3)(C) is satisfied herein because it is clear that the purpose of a security deposit is to afford the landlord the right to setoff against that fund any claim which he might have against the tenant. However, we conclude that § 553(a)(3) is not applicable herein because we find that no debt ever arose by the landlord to the debtor. The security deposit in question was not paid to the landlord nor was the money held by Roach Brothers for the use of the landlord. Rather, that money was placed in an escrow fund subject to the interest of the landlord and the debtor. Therefore, we conclude that no debt ever arose from the landlord to the debtor and, consequently, that the assertion by the landlord of his rights in that escrow fund was not a setoff within the confines of § 553(a)(3) of the Code.