**In re Robert D. MILLER, Debtor.**

**Bankruptcy No. 7-82-01333 R A.**

United States Bankruptcy Court,
D. New Mexico.

Jan. 30, 1984.

Houston Ross, Albuquerque, for debtor.

David F. Boyd, Jr., Albuquerque, N.M., trustee.

## MEMORANDUM OPINION

STEWART ROSE, Bankruptcy Judge.

This matter comes before the Court on the Trustee's objection to the Debtor's claim of exemption, under 11 U.S.C.; § 522(d)(11)(E), of a vacant lot valued at not more than $27,000.

Several years ago, the Debtor suffered a work-related injury, which left him confined to a wheelchair. Workman's compensation and tort claims were settled, the debtor receiving sizeable lump sum payments.

The Debtor, disabled and unable to return to work, used his settlements to finance several abortive business ventures. These investments drained his resources. The Debtor is now unemployed, although studying locksmithing, and supports himself with social security.

The lot in question, located in the Angel Fire resort area of Northern New Mexico, was obtained by the Debtor in a roundabout fashion. The Debtor's attempt to establish a marina on Elephant Butte Reservoir could not be fully financed. Extricating himself from the property, a trade of equities was the best offer obtainable, and so the lot passed to the Debtor, free of liens.

The Debtor claims the property as exempt only under § 522(d)(11)(E). Further, the parties agree that the property is traceable to the tort claim settlement.

While several cases peripherally involve § 522(d)(11)(E), [see *In re Lambert,* 9 B.R. 799, 4 C.B.C.2d 213 (Bkrtcy.1981), *In re La Belle,* 18 B.R. 169 (Bkrtcy.1982), *Casarow v. Evans, (Matter of Evans),* 29 B.R. 336, 339, 8 C.B.C.2d 531 (1983)], there appear to be none which deal with it specifically. Therefore, the statute alone is this Court's guidepost.

Section 522(d)(11)(E) provides:

522(d) The following property may be exempted under subsection (b)(1) of this section:

... (11) The debtor's right to receive, or property that is traceable to—

... (E) a payment in compensation for loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

Since Bankruptcy Rule of Procedure 4003(c) places the burden of proof on the party objecting to the claim of exemption, and the Trustee has adduced no evidence contradicting the Debtor's characterization of the settlement as compensation for the loss of future earnings, the Debtor's position must be accepted. This leaves only the reasonable necessity of the lot toward the Debtor's support to be determined.

The reasonable necessity standard appears throughout § 522, and as Judge McFeeley explained in *In re Johnson,* 36 B.R. 54 (Bkrtcy.D.N.M.1984), construing § 522(d)(10)(E), is to be determined by examining the present circumstances of the debtor, other exempt property, and any other factors which might indicate what is required to meet the debtor's basic needs.

The Debtor's assets at this time are composed chiefly of his homestead, his specially equipped van, and the lot. His current income is limited to social security disability, which fails to meet his expenses by some $100 a month.

Because the Debtor cannot support even a modest standard of living, and has limited prospects for any immediate improvement in his situation, it cannot fairly be said that

the lot, and the capital it represents, will not be necessary for the Debtor's future support. The lot is the Debtor's nest egg, perhaps appreciating, perhaps depreciating, but still available. What monies would have supported the Debtor's future are gone; the lot is all that remains. Denying the exemption will only have the effect of hastening the day when the Debtor is solely reliant on public support.

Therefore, the Debtor's characterization of the nature of the settlement unchallenged, and finding that the lot represents capital reasonably necessary for the support of the Debtor, the Trustee's objection to the claim of exemption is denied.

An appropriate Order will follow.