**In the Matter of Michael DeWayne HARRIS, Debtor.**

**Bankruptcy No. 84–03068.**

United States Bankruptcy Court,
E.D. Wisconsin.

June 10, 1985.

---

3. The Maine statute is similar. 13–A MRSA 202

I.K.

Sidney Gray, Milwaukee, Wis., for debtor.

Jack U. Shlimovitz, Ludwig & Shlimovitz, Milwaukee, Wis., for Family Hosp.

Leonard G. Leverson, Foley & Lardner, Milwaukee, Wis., for Milwaukee Psychiatric Hosp.

Michael T. Sheedy, John L. Castellani, Techmeier, Sheedy & Associates, Milwaukee, Wis., for Dr. Bruce Bogost.

C.N. CLEVERT, Bankruptcy Judge.

The creditors in this Chapter 7 case object to the exemptions the debtor claims in the proceeds of a personal injury settlement under 11 U.S.C. §§ 522(d)(11)(D) and (d)(11)(E). The court, is therefore, being asked to decide the debtor's right to claim the exemptions, as well as the creditors' contentions that they have liens in the settlement proceeds that must be satisfied before the debtor may claim his exemptions. At the pretrial conference the parties agreed that the case should be disposed of by summary judgment. Accordingly, the case was submitted to the court for decision.

## STATEMENT OF FACTS

The debtor, Michael Harris, is a permanently disabled young man with physical and mental problems. He is currently receiving $651.00 per month in social security disability payments. Due to his condition, the debtor is cared for by his parents who also have been named his legal guardians.

On May 18, 1982, the debtor was injured in an automobile accident. He was subsequently treated for those injuries by Dr. Bruce Bogost, Family Hospital and Milwaukee Psychiatric Hospital.[1]

Later, when Dr. Bogost requested payment on his then delinquent bill, the debtor's attorney wrote to the doctor stating that he would try to pay the bill out of any insurance settlement the debtor might receive in connection with the automobile accident. About a month after the accident, Family Hospital wrote to Wisconsin Employers Casualty Company, claiming a lien in the amount of $3,269.45 against any insurance benefits the company might pay to the debtor. Although the insurance company acknowledged receipt of the letter, it nonetheless directly paid the debtor in full settlement of his personal injury claim.

---

1. The debtor received psychiatric care from Milwaukee Psychiatric Hospital both before and after the accident.

On August 3, 1984, debtor filed a voluntary petition in bankruptcy claiming the insurance settlement proceeds exempt pursuant to 11 U.S.C. §§ 522(d)(11)(D) and (d)(11)(E). Subsequently, Dr. Bogost filed an objection to debtor's exemptions claiming that he has a common law lien which must be satisfied prior to any claim that the debtor has to the insurance proceeds. In addition, he contends that the debtor has not met the requirements of 11 U.S.C. §§ 522(d)(11)(D) and (D)(11)(E).

Family Hospital and Milwaukee Psychiatric Hospital object to the claimed exemption on the same grounds as Dr. Bogost. Family Hospital also asserts that it has a statutory lien in the insurance proceeds pursuant to WIS.STAT. § 779.80.

## DISCUSSION

### I

The debtor claimed $24,936.58 exempt pursuant to 11 U.S.C. §§ 522(d)(11)(D) and (d)(11)(E). These sections provide as follows:

> (d) The following property may be exempted under subsection (b)(1) of this section:
>
>> (11) The debtor's right to receive, or property that is traceable to—
>>
>>> (D) a payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or
>>>
>>> (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

Debtor received this money from Wisconsin Employers Casualty Company as part of a personal injury settlement. However, the parties did not specify whether this settlement covered medical expenses, pain and suffering, pecuniary loss or anything else.

Dr. Bogost, Family Hospital and Milwaukee Psychiatric Hospital objected to the exemption claimed under 11 U.S.C. § 522(d)(11)(D) because the amount of the settlement applicable to pain and suffering has not been determined. In addition, they felt the $651.00 per month social security disability insurance benefits the debtor is receiving is adequate for his support.

■  Bankruptcy Rule 4003(c)[2] places on the objecting party the burden of proving that exemptions are not properly claimed. Hence, the court must conclude, after a careful review of the record, that the objecting parties failed to meet this burden. No evidence was presented, medical or otherwise, that would indicate that all or any part of the $24,936.58 was an award for pain and suffering and thus not subject to exemption. In addition, the parties failed to present any evidence that would support their conclusion that the debtor was incapable of working at the time of his accident and thus not entitled to compensation for loss of future earnings. Furthermore, the objecting parties did not present any evidence that would support their conclusion that $651.00 per month in disability benefits is adequate to support the debtor.

A similar result was reached by Bankruptcy Judge Stewart Rose in *In re Robert D. Miller*, 36 B.R. 420 (D.N.M.1984). In that case, the debtor claimed a vacant lot valued at approximately $27,000 exempt pursuant to § 522(d)(11)(E). The objecting party agreed that the lot was acquired in trade for other property purchased with a lump sum workman's compensation settlement. The court held:

> Since Bankruptcy Rule of Procedure 4003(c) places the burden of proof on the party objecting to the claim of exemption and the Trustee has adduced no evidence contradicting the Debtor's characterization of the settlement as compensation for the loss of future earnings, the Debt-

---

**2.** (c) *Burden of Proof.* In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

or's position must be accepted. *Miller*, 36 B.R. at 421.

Just as the objecting party in *In re Miller* failed to produce evidence contradicting the debtor's characterization of the settlement as compensation for the loss of future earnings, Dr. Bogost, Family Hospital and Milwaukee Psychiatric Hospital failed to produce any evidence contradicting the debtor's characterization of his settlement as a payment on account of personal bodily injury and loss of future earnings. Thus, the court must conclude that the exemptions the debtor claimed pursuant to 11 U.S.C. §§ 522(d)(11)(D) and (d)(11)(E) are proper and must be allowed.

## II

Dr. Bogost, Family Hospital and Milwaukee Psychiatric Hospital claim common law liens in the proceeds of debtor's insurance settlement. Wisconsin recognizes the validity of common law liens as shown in *Moynihan Associates, Inc. v. Hanisch*, 56 Wis.2d 185, 201 N.W.2d 534 (1972) wherein the Wisconsin Supreme Court stated:

This court has held for years that a person who has bestowed labor upon an article or done some other act in reference to it by which its value has been enhanced has the right to detain the same until he is reimbursed for his expenditures and labor; and that every bailee for hire who by his labor and skill has added value to the goods has a lien upon the property for his reasonable services or charge rendered.

However, the factors enunciated in *Moynihan Associates* which give rise to a common law lien are not present in the case at bar. For example, the lien claimants never had possession of the insurance settlement proceeds—the key requirement for obtaining a common law lien. *Aviaus v. Brickley*, 65 Wis. 26, 26 N.W. 188 (1885). Furthermore, there is no evidence that the personal benefit the debtor derived from the services provided by Dr. Bogost, Family Hospital and Milwaukee Psychiatric Hospital enhanced the value of the insurance settlement proceeds. Consequently, the

court must conclude that none of the objectors has a common law lien in the insurance settlement proceeds.

## III

Finally, Family Hospital asserts that it has a hospital lien in the proceeds of the insurance settlement pursuant to WIS. STAT. § 779.80. This statute grants a lien against tort claim settlements in favor of charitable institutions for services rendered to the injured person.

In order for Family Hospital to have a valid hospital lien in the proceeds of the debtor's insurance settlement, it must have complied with the five requirements of § 779.80:

1. It must be a charitable institution.
2. It must have prepared a written notice containing the debtor's name and address, the date and location of the accident, the name and location of the hospital and the name and address of the person alleged to be liable for the debtor's injuries.
3. The written notice must have been filed in the office of the clerk of circuit court in the county in which such injuries occurred, or in the county in which the hospital was located, or in the county in which suit for recovery of such damages was pending prior to any payment to the debtor or his guardians, but in no event later than 30 days after the debtor was discharged from the hospital.
4. Within 10 days after filing of the notice of lien, the hospital must have served a copy of the notice on the debtor and the person alleged to be liable for the debtor's injuries.
5. The hospital must have served a copy of the notice on the alleged tortfeasor's insurer.

The parties before the court do not dispute that Family Hospital is a charitable institution; and it appears that Family Hospital prepared the written notice required by § 779.80 and served it on the insurer. On the other hand, it is unclear whether Family Hospital met the remaining require-

ments for obtaining a hospital lien. Family Hospital did not offer proof that it filed the written notice with the clerk of circuit court who had venue pursuant to WIS. STAT. § 779.80(3)(a); and it did not present any evidence that it sent notice to the debtor and the insured. Failure to provide this notice renders the lien void. WIS.STAT. § 779.80(3)(b). Consequently, because Family Hospital failed to present evidence that it complied with the requirements of WIS.STAT. § 779.80 for obtaining a hospital lien, the court finds that Family Hospital does not have a valid hospital lien.

In view of the above, it is the ORDER of this court that the exemptions claimed by the debtor pursuant to 11 U.S.C. §§ 522(d)(11)(D) and (d)(11)(E) are hereby allowed.

IT IS FURTHER ORDERED that the liens claim by Dr. Bruce Bogost, Family Hospital and Milwaukee Psychiatric Hospital are null and void.