**In re Martin E. WASHOFSKY, Debtor.**

**Bankruptcy No. 86–04052–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Sept. 28, 1987.

Robert C. Furr, Furr and Cohen, .P.A., Boca Raton, Fla., for debtor/plaintiff.

Robert D. Friedman, Hollywood, Fla., for creditors/defendants.

### ORDER ON MOTION TO AVOID LIENS IMPAIRING DEBTOR'S EXEMPTIONS

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard after notice upon the Motion to Avoid Liens Impairing Debtor's Exemptions filed by the Debtor herein, MARTIN E. WASHOFSKY, and the Court, having considered the Motion, and the arguments raised by the creditors ATLANTIC NATIONAL BANK OF FLORIDA and SUN BANK OF FLORIDA, FINDS AND DECIDES AS FOLLOWS:

1. The Debtor is the owner of certain real property more fully described as follows:

Lot 4, in Block "J" of Oak Wood, according to the plat thereof, recorded in Plat Book 80, Page 39, of the Public Records of Broward County, Florida, also known as 9713 N.W. 1st Place, Coral Springs, Florida 33065.

2. The above described real property is exempt as the Debtor's homestead under the Florida Constitution, Article X, Section IV.

3. After the bankruptcy was filed, the Debtor vacated the above described real property and has been residing in a rental apartment since that time. The above property is under contract for sale and the Debtor filed a Motion to Avoid Liens on this property so that he could complete the sale. The question raised is whether or not the Debtor's vacating of the homestead property after the bankruptcy was filed constitutes an abandonment so that this Court should not grant the relief sought.

4. The value and status of exempt property in bankruptcy is determined as of the date the petition is filed. *In re: Crump*, 2 B.R. 222 (S.D.FL.1980). The Court in *Crump* held that contracting for the sale of the property, coupled with firm plans to physically abandon the premises, does not constitute an abandonment or a termination of the debtor's estate in the property, provided that the debtor physically occupied the premises on the date the petition was filed. That is the case before the Court in this matter, and the Court specifically finds that the Debtor is entitled to his homestead exemption and is entitled to avoid the liens on his homestead property as of the date of the filing of the petition herein.

5. The following judgments constitute liens on this exempt property of the Debtor:

a) Judgment in favor of Bernard Schoninger in the amount of $695.50, a certified copy of which is recorded in the Official Record Book of Broward County, Florida, at OR 12624, Page 483.

b) Judgment in favor of Bernard Schoninger in the amount of $26,235.00, a certified copy of which is recorded in the Official Record Book of Broward County, Florida, at OR 13317, Page 341.

c) Judgment in favor of First Bank of Indiantown in the amount of $41,670.40, a certified copy of which is recorded in the Official Record Book of Broward County, Florida, at OR 13837, Page 815.

d) Judgment in favor of Atlantic National Bank in the amount of $3,473.58, a certified copy of which is recorded in the Official Record Book of Broward County, Florida, at OR 13991, Page 400.

e) Judgment in favor of Sun Bank/South Florida, N.A. in the amount of $10,009.61, a certified copy of which is recorded in the Official Record Book of Broward County, Florida, at OR 13919, Page 171.

6. The judgment liens recited above impair the homestead exemption to which the Debtor is entitled under 11 U.S.C. § 522(b) and the Florida Constitution, Article X, § IV, and are hereby avoided and declared to be of no effect.