In re Roy C. MAGNUS and Juanita Magnus, Debtors.

Bankruptcy No. 83–01916 T.

United States Bankruptcy Court, E.D. Pennsylvania.

April 26, 1988.

Karl E. Friend, Allentown, Pa., Trustee.

Richard S. Kohn, Allentown, Pa., for debtors.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The trustee has objected to the claim of the debtors to exempt under 11 U.S.C. § 522(d) a distribution check from debtor-husband's now-terminated pension plan. We hold that the total amount of the pension distribution may properly be allowed as a § 522(d)(5) exemption.[1]

On May 5, 1983, debtors filed their chapter 7 petition and the requisite Schedule B–4 listing exempt property. The Schedule B–4 contained no reference to any pension plan monies, and no reference to § 522(d)(5) or § 522(d)(10). On June 20th of that year, debtors amended their Schedule B–4 and listed as exempt under § 522(d)(5) a "pension check" in the amount of $14,273.40. A scant month later, on July 12, 1983, debtors further amended their Schedule B–4 using $800 of their § 522(d)(5) exemption on an automobile, and placing all of the "lump sum pension check" under the § 522(d)(10)(E) exemption.

This flurry of amendments was occasioned by debtors' receipt of a pension plan distribution check immediately after the filing of this case. The parties have stipulated that debtor-husband had been employed by Traub's Market, Inc., prior to October 1982. While so employed, he contributed to a pension plan ("pension plan") which had been terminated prior to the filing of this bankruptcy case. After the filing, the pension plan funds were distributed, and debtors received $14,273.40. According to the trustee, Debtor wife deposit-

---

1. This opinion constitutes the Findings of Fact and Conclusions of Law required by Rule 52 of the Federal Rules of Civil Procedure and N.B.R. 7052.

ed these funds in a joint account. She later died, although the parties have not indicated the date of her death.

Seizing the legal issue of whether such pension plan monies can be exempted under § 522(d)(10), the trustee filed an Objection to debtors' claim of exemptions. Debtors then filed an Answer to the Objection, stating that notwithstanding their original error in citing § 522(d)(10), the pension plan monies were properly exemptible under § 522(d)(5). On September 29, 1983, they requested leave to amend their Schedules. In spite of our invitation that both sides brief the issues, only the trustee has done so, with a brief containing exactly one case citation. The trustee focuses his brief on the § 522(d)(10) arguments, which will become moot if we "allow" debtors to amend. He appears to concede that some portion of the funds can be exempted under § 522(d)(5).

Debtors are overly solicitous when they request our permission to amend the schedules to catch the benefit of the § 522(d)(5) umbrella. National Bankruptcy Rule 1009 [2] provides:

> (a) General Right to Amend. A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts or a Chapter 13 statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby ...

N.B.R. 1009(a). Debtors may, without further order, amend their schedules. Since "languishing" is too active a word to describe the status of this case, however, we will order that debtors file their reamended

Schedule B–4 within fifteen (15) days of the date of this Order. If they fail to do so, the trustee may file a praecipe requesting that we reschedule a hearing on his § 522(d)(10) objection.

■ Assuming proper amendment in accordance with debtors' request, we must then determine the actual value of the property exemptible under former § 522(d)(5) [3], and whether we should order that the debtors turn over to the trustee any balance. We assess exemptions as of the date of filing. *In re Friedman*, 38 B.R. 275, 276 (Bankr.E.D.Pa.1984). Former § 522(d)(5), incorporated into former § 522(b)(1), allows the debtor to exempt from property of the estate: [4]

> The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided in paragraph (1) of this subsection, in any property.

The reference to "paragraph 1" covers former § 522(d)(1), which allows an exemption of up to $7500 in value of real or personal property used as a residence.

■ The courts that have considered the language of § 522(d)(5) have not excluded pension monies from its broad reach. *See e.g., In re H.F. Grant*, 40 B.R. 612, 613 (Bankr.N.D.Tex.1984); *In re Miller*, 33 B.R. 549, 551 n. 5, 9 C.B.C.2d 496, 11 B.C. D. 85, Bankr.L.Rep. para. 69,469 (Bankr.D. Minn.1983) (dicta). Allowing debtors to exempt such monies under § 522(d)(5) is consistent with the expansive scope that we have previously ascribed to § 522(d)(5). *In re Hilbert*, 12 B.R. 434, 436, Bankr L.Rep. para 68,244 (Bankr.E.D.Pa.1981) (exemptibility of real property not used as a resi-

---

**2.** This rule became effective August 1, 1983, prior to the request to amend.

**3.** This section was amended by the 1984 amendments.

**4.** The parties do not debate that the right to the pension monies, and, later, the actual monies, became property of the estate. *See generally, In re Miller*, 33 B.R. 549, 550, 9 C.B.C.2d 496, 11 B.C.D. 85, Bankr.L.Rep. para. 69,469 (Bankr.D. Minn.1983); *In re Donaghy*, 11 B.R. 677, 4 C.B. C.2d 1099, Bankr.L.Rep. para. 68,049 (Bankr.S. D.N.Y.1981.) Section 541(a)(1) has expanded

significantly the concept of "property of the estate." As a result, "... most, if not all, pension plan funds are included in the estate." *In re Hinshaw*, 23 B.R. 233, 234, 7 C.B.C.2d 323, 9 B.C.D. 769, Bankr.L.Rep. para. 69,066 (Bankr.D. Kan.1982). *Accord, In re Kochell*, 732 F.2d 564, 566 n. 3 (7th Cir.1984). We note that we have been given little information regarding the nature and structure of the subject pension plan. Fortunately, the § 522(d)(5) interpretational issue in front of us does not require the minute structural analysis we would be forced to undertake if this objection had proceeded under § 522(d)(10).

dence). *Accord, In re Taylor,* 8 B.R. 578, 580 (Bankr.E.D.Pa.1981) (exemptibility of cash); *Krupp, Meyers, & Hoffman v. Doyle (In re Laird),* 6 B.R. 273, 276, 2 C.B.C.2d 2399, 6 B.C.D. 998 (Bankr.E.D.Pa. 1980).

In calculating the total exemption available to debtors, former § 522(m)[5] mandates that we allow both debtors in this type of joint case to claim separate § 522(d)(5) exemptions. *Cusanno v. Fidelity Bank (In re Cusanno),* 17 B.R. 879, 881 n. 5, 8 B.C.D. 989, Bankr.L.Rep. para. 68,608 (Bankr.E.D.Pa.1982); *In re Shepherd,* 17 B.R. 278, 279 n. 3, 8 B.C.D. 864 (Bankr.E.D.Pa.1982). We can allow double this exemption in spite of debtor-wife's death during the pendency of this bankruptcy. *In re Friedman,* 38 B.R. 275, 277, Bankr.L.Rep. para. 69,872 (Bankr.E.D.Pa. 1984).

The trustee suggests in his brief, for the first time,[6] that we should not allow debtor-wife to claim an exemption in the pension plan monies because she had "no interest" in the funds at the time of filing. We need not delve into this interestingly complex question because the trustee's naked assertions fail to carry his burden of proof on this issue. The Code and former Rules provided that the objecting party had the burden of proving that the exemptions should not be allowed.[7] This burden has been recognized in the case law. *See e.g., In re Carson,* 82 B.R. 847 (Bankr.S.D.Oh. 1987); *In re Blizard,* 81 B.R. 431 (Bankr. W.D.N.Y.1988); *In re Raymond,* 71 B.R. 628, 629 (Bankr.D.Minn.1987); *In re Woodford,* 73 B.R. 675, 679 (N.D.N.Y.1987); *In re Brooks,* 60 B.R. 155, 159 (Bankr.N.D. Tex.1986). *In re Crump,* 2 B.R. 222, 223, 1 C.B.C.2d 378, 5 B.C.D. 1235, Bankr.L.Rep. para. 67,444 (Bankr.S.D.Fla.1980). A preponderance of the evidence is necessary to meet this burden. *See e.g., In re Woodford,* 73 B.R. 675, 679; *In re Brooks,* 60 B.R. 155, 159. Courts often couple this burden with the caveat that exemptions are to be construed liberally in favor of the debtor to facilitate his fresh start. *See e.g., In re Fisher,* 63 B.R. 649, 651 (Bankr. W.D.Ky.1986); *Nelson v. White (In re White),* 61 B.R. 388, 395 (Bankr.W.D.Wash. 1986); *Yoder v. U.S. (In re Yoder),* 32 B.R. 777, 781 (Bankr.W.D.Pa.1983), *aff'd in part, rev'd in part* 48 B.R. 744 (W.D.Pa. 1984) (other grounds). Thus, where a trustee can adduce no evidence contradicting a debtor's characterization of an exemption, the trustee has not met his burden of proof. *See e.g., In re Harris,* 50 B.R. 157, 159, Bankr.L.Rep. 70,601 (Bankr. E.D.Wis.1985) (trustee presented no evidence regarding debtor's characterization of personal injury action); *In re Miller,* 36 B.R. 420, 421, 11 B.C.D. 673 (D.N.M.1984) (trustee presented no evidence regarding debtor's characterization of vacant lot). *But cf. In re Montavon,* 52 B.R. 99, 102–03, 14 C.B.C.2d 1195, Bankr.L.Dec. 71,010 (D.Minn.1985) (holding that when the trustee is required to present a § 522(d)(10) objection, it is the debtor's burden to show that the money in question is reasonably necessary for debtor and dependent support).

The trustee in the instant case has presented us with no evidence regarding the nature, structure or content of the plan which would suggest to us that debtor-wife did not have an exemptible interest as of the date on which this petition was filed.

---

**5.** Prior to amendment in 1984, § 522(m) read: "This section shall apply separately with respect to each debtor in a joint case."

**6.** As we have previously stated, a brief is not the appropriate vehicle through which to raise issues impacting on the amount of relief claimed, or on other significant aspects of this case. The trustee might have specified this particular objection in his initial pleadings, or provided relevant background information in the stipulation of facts. Given the abysmal state of the pleadings in this case, however, we will view this point as another facet of the general argument regarding the proper amount of the objections.

**7.** *See* former Rule 403(c) ("The burden of proof shall be on the objector"). We need not get into the question of whether former Rule 403(c) became a nullity once § 522(1) was enacted. *See generally, Martine v. Cipa (In re Cipa),* 11 B.R. 968, 970, 7 B.C.D. 1026 (Bankr.W.D.Pa.1981). Since the trustee was objecting to a list that was prima facie valid upon filing, see former § 522(1), the burden is appropriately on him.

He has provided us with no evidence regarding the length of the parties' marriage or any premarital agreements which would indicate the ownership of and title to these funds. In short, he has provided us with no evidence suggesting that the proceeds from this pension plan did not become property of debtor-wife's estate. We can speculate wildly and envision scenarios in which debtor-wife would have no interest in the pension proceeds, but the fact that we have been reduced to speculation necessarily mandates the conclusion that the trustee has not met his burden. *In re Blizard*, 81 B.R. 431, 432. We will therefore allow both debtors to claim an exemption in the pension proceeds.

Debtors claimed no § 522(d)(1) exemptions. Thus, they each have available $7,900 in value ($7500 plus $400) to claim as exempt under § 522(d)(5), for a total of $15,800. The trustee is correct that they have already applied $800 of their § 522(d)(5) exemption to an automobile, which would leave them with $15,000 in available § 522(d)(5) exemptions.

Without identifying 11 U.S.C. § 542,[8] the trustee has requested that the balance of these funds be given to him to pay certain expenses. The value of the pension check is less than the balance of the available § 522(d)(5) exemptions. Assuming that the appropriate changes are made on the list of exemptions, no turnover is necessary.

An appropriate order follows.

### ORDER

AND NOW, this 26th day of April, 1988, it is hereby ORDERED

(1) that the debtors shall have fifteen (15) days from the date of this order to amend their schedules;

---

8. The trustee has erred in choosing to present his turnover request by motion. Former Bankruptcy Rule 701 described adversary proceedings to include actions to "... recover *money or property* ..." However, this is an error of form not substance. Accordingly, we will treat this motion as a complaint. *Accord, Doran v. Treiling (In re Treiling)*, 21 B.R. 940, 941 & n. 1, (Bankr.E.D.N.Y.1982) (motion filed in turnover action instead of complaint). *See generally,*

(2) that in all other respects the trustee's objection is denied without prejudice.

---

*Markowski v. Futrell (In re Futrell)*, 69 B.R. 378, 380–81 (Bankr.W.D.La.1987) (motion used to raise § 727 objection); *City Bank & Trust Co. v. King (In re King)*, 35 B.R. 471, 475 (Bankr.N.D.Ill.1983) (motion used to raise § 727 objection). *But c.f., In re Riding*, 44 B.R. 846, 12 B.C.D. 635, Bankr.L.Rep. para. 70,173 (Bankr.D.Utah 1984) (turnover proceeding must be commenced by complaint).