**Phillip D. ARMSTRONG, Trustee of the Estate of Warren J. Hursman and Larol J. Hursman, Appellant,**

v.

**Warren J. HURSMAN and Larol J. Hursman, Appellees.**

**In re Warren J. HURSMAN and Larol Hursman, Debtors.**

No. A4–88–141.
Bankruptcy No. 87–05713.

United States District Court,
D. North Dakota,
Northwestern Division.

Aug. 19, 1988.

Phillip D. Armstrong, Minot, N.D., U.S. Trustee, Minneapolis, Minn., pro se.

Ross H. Espeseth, Bismarck, N.D., for debtors.

## MEMORANDUM AND ORDER

CONMY, Chief Judge.

On August 5, 1987, the Appellees in the aboved-named action filed a Chapter 7 bankruptcy petition. One of the assets owned by the Appellees at the time of filing was a piece of farmland which had a fair market value of $100,000.00. The Federal Land Bank held a mortgage on the property and their claim against the Appellees amounted to $213,194.98. On January 25, 1988 the Trustee requested permission to sell the farmland back to the Federal Land Bank for $10,000.00. The Appellees objected to the sale and argued that they were entitled to $7500.00 of the sale proceeds because they had exempted this amount under the claim of "1988 rent" on their schedule of exemptions. The Bankruptcy Court ordered that the land be sold, and further held that since the Appellees would have been entitled to rent payments during the redemption period had the property been foreclosed on, the Appellees had an interest in the property and therefore were entitled to the amount of the value of the interest or $7500.00.

This court finds that the Bankruptcy Court erred in ordering the Appellant to turn over $7500.00 of the proceeds of the sale of the real estate to the Appellees. However, the Appellees may amend their exemption schedules in accordance with Bankruptcy Rule 1009 to reflect a claim in newly found property.

Under 11 U.S.C. § 541, the bankruptcy estate is created at the time of commencement of the case. 11 U.S.C. § 541 (West 1987). The estate generally includes all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Furthermore, property of the estate also includes "proceeds, product, offspring, rents, or profits of or from the property of the estate, except such as are earnings from services performed by an individual debtor." 11 U.S.C. § 541(a)(6) (West 1987).

An individual debtor may claim exemptions from the property of the estate. 11 U.S.C. § 522(b) (West 1987). The value and status of exempt property in bankruptcy is determined as of the date the petition is filed. *In re Washofsky* 78 B.R. 347, 348 (Bankr.S.D.Fl.1987).

In the case at bar, the Appellees claim they are entitled to $7,500.00 of the sale proceeds for several reasons. First of all, they argue that under North Dakota law, the debtor is entitled to the rents from the property during the redemption period and their claim for "1988 Rent" was evidence that they had an expectancy interest in these redemption period rents. This argument fails on its face. As stated above, the value and status of exempt property is determined as of the date the petition is filed. *Id.*

The petition was filed August 5, 1987. As of that date, the value of the "1988 Rent" was zero. There was no evidence that any money in the bankruptcy estate was designated as prepaid rental income on the farmland for 1988. Therefore, no property existed in the bankruptcy estate for the Appellees to exempt. Furthermore, 11 U.S.C. § 541(a)(6) only applies to rents of or from the property of the estate. The mere expectancy of rents to be collected in the future would not satisfy the requirements of the section.

The Appellees' claim also fails for another reason. Under North Dakota Century Code § 28-24-11 it states: "The debtor under an execution or foreclosure sale of his property shall be entitled to the possession, rents, use and benefit of the property sold from the date of such sale until the expiration of the period of redemption." N.D. C.C. § 28-24-11 (West 1987). As pointed out in Appellant's brief, no execution or foreclosure sale took place. Therefore, since no foreclosure sale took place, no redemption period ever arose and the rights and protections of § 28-24-11 never came into existence in the present case. Therefore, from the above analysis it is clear that the Bankruptcy Court erred when it ordered that $7,500.00 of the sale proceeds be given to the Appellees because they had an interest in the property represented by their claim for "1988 rent".

█ However, this does not mean that the Appellees are precluded from amending their exemption schedules in accordance with Bankruptcy Rule 1009 to claim an exemption in the proceeds of the sale of the farmland. As a matter of course, a debtor should be allowed to amend his exemption claims to include newly found property if the case has not been closed. *Redmond v. Tuttle*, 698 F.2d. 414, 416–17 (10th Cir. 1983). Then, any interested party can object to the exemption amendment within fifteen days from the date of the amendment is filed. *Id.* If someone does object, the court is to hold a hearing on notice to all interested parties in order to resolve issues raised on objections. *Id.* If no one objects, the amended exemption is allowed. *Id.* This court finds the language of *Redmond* controlling in the case at bar.

On their schedule of exemptions, the Appellees listed no claim in real estate other than the $7500.00 for 1988 rental income. Given the fact that the market value of the only real estate owned by the Appellees was $100,000.00 and the claim against it totalled $213,194.98 it was reasonable to assume that no equity existed in the property for the Appellees to exempt. However, when the property was sold back to the Federal Land Bank, a $10,000.00 surplus was realized. Clearly under the language of § 541(a)(6), the sale proceeds realized from the sale of the farmland to the Federal Land Bank qualifies as proceeds of or from the property of the estate. The $10,000.00 then became property of the estate, as stated in 11 U.S.C. § 541(a)(6).

Furthermore, barring a contrary finding by the Bankruptcy Court, the Appellees may be entitled to the full $10,000.00 if the requirements of N.D.C.C. Ch. 47–18 are satisfied. It was unclear in the case if the property sold qualified as the homestead as defined in N.D.C.C. Ch. 47–18.

█ In summary, this court holds that the sale proceeds of the property qualifies as newly found property of the estate. At the time of the filing of the bankruptcy petition and exemption schedules, it was not unreasonable for the parties to believe that no equity in the real estate existed to be exempted. After the sale of the property, the proceeds of the sale became property of the estate from which the Appellees could claim as exempt an amount permitted by the code. Therefore, this court holds

that Rule 1009 of the Bankruptcy Rules allows the Appellees to amend their exemption schedules to claim as exempt that portion allowed by the Bankruptcy Code.

Accordingly, it is hereby ORDERED that the order of the Bankruptcy Court be REVERSED and the Appellees be allowed to amend their petition in accordance with Bankruptcy Rule 1009.