**In re David Terry BLACKWELL.**

**Bankruptcy No. 91–41144 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

April 23, 1992.

---

John Aldworth, Clinton, Ark., for debtor.

Richard Ramsay, Little Rock, Ark., Trustee.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trustee's objection to exemptions listed by the debtor. The debtor elected to exempt property in accord with Arkansas law pursuant to Bankruptcy Code section 522(b)(2). The history of this contested matter, the pertinent facts, and the introduction of exhibits into evidence have been stipulated by the parties:[1]

"1. Prior to November of 1990, the debtor was a salesman for Fairfield Ocean Ridge, South Carolina, a property of Fairfield Communities, Inc.

"2. In November of 1990, the debtor relocated from Ocean Ridge, South Carolina to Fairfield Bay, Arkansas and continued his employment as a salesman for Fairfield Bay.

"3. While working for subsidiaries of Fairfield Communities, Inc. at its property locations, the debtor participated in that company's Profit Sharing Retirement Plan (hereinafter referred to as "the Pension Plan").

"4. In January, the debtor stopped working as a salesman for Fairfield Bay Communities, Inc. at Fairfield Bay. On January 8, 1991, the debtor wrote to a Pension Plan administrator and requested a distribution of plan funds.

"5. The administrators of the Pension Plan refused to distribute any funds to the debtor.

"6. On May 13, 1991, the debtor filed a Chapter 7 Petition for relief in U.S. Bankruptcy Court.

"7. In early September of 1991 the debtor moved back to Fairfield Ocean Ridge, South Carolina and resumed working as a salesman there.

"8. By letter dated September 27, 1991 the Chapter 7 trustee received written notice from an administrator of the Pension Plan that a distribution of funds would be made in the near future directly to the debtor.

"9. By letter dated October 14, 1991, an administrator for the Pension Plan informed the trustee that no distribution of funds from the Pension Plan would be made since the debtor had returned to work for Fairfield Ocean Ridge.

"10. On September 12, 1991, the debtor amended Schedule B-4 of his Petition in order to claim Pension Plan funds exempt.

"11. The trustee filed an Objection to Exemptions dated September 23, 1991, claiming that the Pension Plan funds were property of the estate and not subject to exemption.

"12. A copy of the Pension Plan is attached hereto and incorporated herein as Exhibit "A".

"13. The Pension Plan meets applicable requirements of the Internal Revenue Code of 1986 as amended and the Employee Retirement Income Security Act of 1974 as amended. A copy of the most recent I.R.S. letter of approval is attached and incorporated herein as Exhibit "B". See also provision 11.6 of the Pension Plan.

"14. The debtor did not contribute funds from his salary or commissions to the Pension Plan. In this case his interest in the Pension Plan was nonemployee contributory.

---

1. In addition, testimony of the debtor was submitted to the Court.

"15. The principal place of business of First Commercial Bank, N.A., the current trustee of the Pension Plan, is located in Arkansas."

■ The trustee asserts that the pension funds are property of the estate and not subject to exemption. The debtor argues that the pension trust constitutes a traditional spendthrift trust such that it is exempt under Bankruptcy Code section 541(c)(2).

■ Bankruptcy Code section 541 provides in pertinent part:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 541(c)(2). As this Court recently noted in *Dowden v. Teachers Insurance and Annuity Association (In re Baxter)*, 135 B.R. 353, 357 (Bankr.E.D.Ark.1992), the proper inquiry under section 541(c)(2) is "whether the retirement plan bars the beneficiary and his/her creditors from reaching the funds." To determine whether the debtor's interest in the fund is property of the estate, the Court must determine whether the debtor could reach the funds on the date of the petition in bankruptcy. *See* 11 U.S.C. § 541(a); *Armstrong v. Hursman (In re Hursman)*, 106 B.R. 625, 626 (D.N.D.1988).

The evidence submitted to the Court is as follows. The pension plan provides that even if employment is terminated, the employee has no absolute right to obtain the funds. The committee overseeing the administration of the plan has complete discretion over when to disburse the funds. Thus, until that decision is made, the pension trust is tantamount to a spendthrift trust such that the property would be excluded from the bankruptcy estate. *See Baxter*, 135 B.R. at 357. The debtor, while unemployed, requested in January 1991 that the funds be disbursed to him. Initially, the pension administrator refused this request (stipulation 5). However, this decision was later reversed and the administrative committee apparently exercised its discretion under the plan and determined that a distribution could be made. The parties have provided no stipulated dates or supporting documents for either action.

Once the decision was made by the plan administrative committee to disburse funds, those funds were reachable by the debtor such that the fund would no longer constitute a spendthrift trust. At this point the distribution could become part of the bankruptcy estate. *See id.* Thus, it is readily apparent that the date the funds were reachable by the debtor is critical.

The debtor filed his petition in bankruptcy in May 1991. The trustee did not receive notice of an imminent disbursement to the debtor until September 1991. Thus, sometime between January 1991, the date of the initial request, and September 1991, the date the trustee received notice of the disbursement, the plan administrative committee exercised its discretion and made the funds available to the debtor. As noted earlier, evidence as to when the funds became reachable by the debtor is lacking. If that decision or action was made before the date of petition in bankruptcy, the funds are property of the estate; if after, then they are not.

The Court finds that the evidence presented is insufficient to establish that the funds were an interest reachable by the debtor on the date of the filing of the petition in bankruptcy. The burden of proof in this matter falls upon the party objecting. *In re Magnus*, 84 B.R. 976, 978 (Bankr.E.D.Pa.1988). That burden has not been met. Accordingly, the Court concludes that the objection to exemption must be overruled.

ORDERED that the trustee's objection to exemptions is OVERRULED.

IT IS SO ORDERED.