In re Maria Johnson CICALA, Debtor.

In re Kirk Brian PIERSMA, Debtor.

Bankruptcy Nos. 92–00357, 92–00358.

United States Bankruptcy Court,
District of Columbia.

July 2, 1992.

Richard Gins, Washington, D.C., for debtor.

## DECISION RE TRUSTEE'S MOTION FOR TURNOVER OF RENTS

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The debtors in these two cases have exempted their interests in certain rental properties they own. They value each interest at $1.[1] Each property has no equity, being subject to liens that exceed their fair market value. The debtors have collected, respectively, $8,308 and $6,040.26 in rents from the properties. The chapter 7 trustee has not abandoned the properties. He seeks an order compelling the debtors to turn over the rents from each property until such property ceases to be property of the estate. His motion will be granted for the following reasons.

■ The debtors seek to exempt the real properties under 11 U.S.C. § 522(d)(5) which permits the debtor to exempt—

The debtor's aggregate interest in any property, not to exceed in value $400 plus up to $3,750 of any unused amount of the exemptions provided under paragraph (1) of this subsection.

The legislative history to § 522 explains the concept of exempting an "aggregate

1. Although Ms. Cicala values her interests at $1 each, she inexplicably lists the "value exempt" at $160 in each instance.

interest in any property" up to a certain value as follows:

> Property may be exempted even if it is subject to a lien, but only the unencumbered portion of the property is to be counted in computing the "value" of the property for purposes of exemption. Thus, for example, a residence worth $30,000 with a mortgage of $25,000 will be exemptable to the extent of $5,000. *The remaining value of the property will be dealt with in the bankruptcy case as is any interest in property that is subject to a lien.*

H.R.Rep. No. 595, 95th Cong., 1st Sess. 361 (1977) (emphasis added), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6316.

Thus, the debtors have not exempted the entire value of the properties and—given the small amount of the § 522(d)(5) exemption—could not do so. Although the debtors argue that equitably they should be viewed as having an ownership interest worth nothing to the estate, such that equitably they ought to be allowed to exempt the entire property from the estate, that is not how the statute works. Instead, the statute guarantees to them the value of their interest—up to a set dollar limit— once they invoke their exemption. Thus, they cannot claim entitlement to the rents on the theory that their exemptions reach the entire property.

A chapter 7 trustee may pay an exempt value in cash upon liquidation of the property. Alternatively, he may pay the value in kind if the property is divisible and the parties agree on the value. Alternatively, he may simply decide to abandon the entire asset to the debtor if there is no equity available after the debtors' exemption is taken into account.

The trustee has not yet determined here whether to abandon the properties: he stipulated to the existence of no equity in the subject properties solely for purposes of his turnover motion without prejudice to asserting a different position if the debtors move to compel abandonment. The properties thus remain property of the estate, subject to the trustee's obligation to pay the exempted amounts to the debtors out of any equity he realizes (in the event the stipulation of no equity proves erroneous).

The court does not decide whether the rents themselves could be exempted because the debtors have not filed exemptions as to the rents. *Compare In re Wilson,* 694 F.2d 236 (11th Cir.1982) with *Armstrong v. Hursman,* 106 B.R. 625 (D.N.D.1988). *See also In re Harris,* 886 F.2d 1011 (8th Cir.1989) (finding time limitations in § 522(b)(2)(A) (non-bankruptcy exemptions)). Even if such exemptions had been asserted, and were upheld, it is the trustee who now owns the real estate and would generally be viewed as having the authority to collect the rents.[2]

2. The debtors have claimed *de minimus* exempt amounts. The exemptions are as to the value of the real property, not the rents. The debtors have not claimed that part of the rents are attributable to the minimal values of the properties that they claimed as exemptions. The court does not decide whether the debtors have to exempt the entire property (as in *In re Makarewicz,* 130 B.R. 620 (Bankr.S.D.Fla.1991)) in order to succeed on such an argument nor whether the lack of equity in the properties bars the exemptions and hence bars any such argu-

ment. The trustee has objected to the exemptions and I will address these issues in that context. For purposes of administering the estate, the full rents should be turned over until the issues are more fully resolved. If the debtors can exempt the rents themselves, they may be better off exempting the rents than exempting a portion of the properties' value and seeking the proportion of rents attributable to such exemptions. Exemptions as to the properties will yield nothing out of the properties themselves if there is in fact no equity.