In re Harold A. NORTON and Christine M. Norton, Debtors.

Schubbe Resch Chiropractic & Physical Therapy Centers, and Schubbe Family Chiropractic, Plaintiffs,

v.

Christine M. Norton, Defendant.

Bankruptcy No. 99–51961–7.
Adversary No. A99–5131–7.

United States Bankruptcy Court, W.D. Wisconsin.

Feb. 15, 2000.

Daniel J. Hoff, Glenn, Hoff, Hoff & Lambert, S.C., Appleton, WI, for plaintiffs.

Sharon M. Gisselman, Wausau, WI, for defendant.

### MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

This is a nondischargeability proceeding under 11 U.S.C. § 523(a)(2)(A). The plaintiff is represented by Daniel J. Hoff. The defendant is represented by Sharon M. Gisselman. The defendant in this adversary proceeding was treated by the plaintiffs in connection with an injury she suffered. During the course of her treatment, the plaintiffs requested that she sign a so-called "Financial Responsibility Form." This form indicated that she understood that she was liable for "all past, present, and future bills" incurred at the clinic. In addition, the form stated that she agreed "to have the doctor receive payment of his entire bill incurred at his office from any settlement or settlements I might receive." Ultimately, she did in fact receive a settlement payment of approximately $21,000.00. However, she did not pay the plaintiffs from that or any other source. The plaintiffs thereafter obtained judgment against her for $10,502.00. The defendant then filed this bankruptcy proceeding.

Both parties have filed motions for summary judgment. The plaintiffs contend that the defendant's failure to pay the bill from the insurance proceeds constitutes fraud within the meaning of § 523(a)(2)(A), rendering the debt nondischargeable. The plaintiffs also argue that they hold a lien, either equitable or otherwise, in the insurance proceeds because the defendant

signed the Financial Responsibility Form. The defendant responds that her mere failure to pay the plaintiffs' bills cannot be construed as fraudulent conduct, and also argues that the plaintiffs do not hold any sort of lien on the proceeds.

■ The Court turns first to the issue of the purported lien. The plaintiffs suggest that the defendant explicitly granted them a lien, or that they have an equitable or common law lien against the settlement proceeds. Despite their claims, the Financial Responsibility Form on its face does not clearly grant any such lien rights. It is silent as to the issue of a lien, and instead simply provides a promise to pay. In the case of *Bartholomew v. Thieding*, 225 Wis. 135, 273 N.W. 468 (Wis.1937), the Wisconsin Supreme Court considered a document which provided that a debt would be "paid with [insurance] when available." *Id.* at 136, 273 N.W. 468. The court found that this document did not constitute an assignment of the insurance proceeds, and further concluded that it also did not constitute an equitable lien. According to the court, the document did nothing more than show a "promise" to pay, and was not evidence of an intent to charge the fund. *Id.* at 138, 273 N.W. 468.

■ For similar reasons, the plaintiffs cannot assert an equitable lien in the insurance proceeds. The Court recognizes that an equitable lien may arise from a written contract which shows an intention to charge some particular property with the payment of a debt. *See Bartholomew*, 225 Wis. at 137–38, 273 N.W. 468; *see also In re Stoffregen*, 206 B.R. 939, 943 (Bankr. E.D.Wis.1997). However, the record is devoid of any evidence which would take this case outside the scope of the ruling in *Bartholomew*. The Financial Responsibility Form is nothing more than a promise to pay, especially in light of its provision that the defendant would remain personally responsible for any shortfall in payment. Given that the form does not reflect a sufficient intent to charge the settlement

proceeds for the debt, it cannot serve to create an equitable or charging lien.

■ Finally, the plaintiff cannot assert a common law lien against the settlement proceeds. The case of *Matter of Harris*, 50 B.R. 157 (Bkrtcy.E.D.Wis.1985), is instructive in this regard. In *Harris*, the debtor suffered various injuries in a car accident. His attorney sent the treating physician a letter which stated the debtor would try to pay the bill from the insurance settlement the debtor hoped to receive. When the debtor filed bankruptcy and claimed the entire amount of the insurance settlement as exempt, the doctor objected and asserted a lien against the proceeds. The bankruptcy court disagreed, stating that:

> [T]he lien claimants never had possession of the insurance settlement proceeds—the key requirement for obtaining a common law lien. [cite omitted]. Furthermore, there is no evidence that the personal benefit the debtor derived from the services provided by [the doctor] enhanced the value of the insurance settlement proceeds. Consequently, the court must conclude that none of the objectors has a common law lien in the insurance settlement proceeds.

*Id.* at 160.

■ The only question which remains is whether the defendant's failure to pay the plaintiffs constitutes fraud within the meaning of § 523(a)(2)(A). The plaintiffs assert that the defendant defrauded them by converting the settlement funds to her own use. Given the fact that the plaintiffs do not have a valid lien in the proceeds, they cannot contend that the defendant improperly converted their collateral. In the context of § 523(a)(2)(A), they must demonstrate that at the time the defendant signed the Financial Responsibility Form and obtained the medical services in question, she acted with an intent to deceive. At common law, a promise of future performance or intention is actionable as fraud only if at the time the statement was made, the debtor never actually intended

to honor the statement. *In re Briese,* 196 B.R. 440, 449 (Bankr.W.D.Wis.1996). The Court must determine the debtor's actual intent, and the mere fact that the debtor subsequently fails to pay is "clearly insufficient" to prove an intent to deceive. *Briese,* 196 B.R. at 452; *see also In re Murphy,* 190 B.R. 327, 333 (Bankr.N.D.Ill. 1995). The failure to pay demonstrates only a breach of contract, not fraud. In this case, the plaintiffs have alleged nothing which would suggest that the defendant obtained the medical services by fraud.

Therefore, the plaintiffs' motion for summary judgment is denied. The defendant's motion for summary judgment is granted. This case is dismissed. Each party shall bear their own costs.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.